UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: **13-02676-jw** |
| | ) | |
| WILLIAM A. GALLOWAY, JR., | ) | Chapter 11 |
| Last four digits of SSN 1580 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

PLAN OF REORGANIZATION PURSUANT TO
SECTION 1121(a) OF THE BANKRUPTCY CODE

Beaufort, South Carolina

October 28, 2013

PHILIP FAIRBANKS, ESQ., P.C.
Philip Fairbanks    DC ID # 756
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
Telefax: (843) 521-1590
*Counsel for the Debtor*

<u>**PLAN OF REORGANIZATION**</u>

## I. GENERAL DESCRIPTION OF PLAN

The Plan filed by the Debtor contemplates the commitment of Debtor's earned income with appropriate distribution to his creditors based on the nature of the claims. All holders of claims against Debtor are encouraged to read the Plan and the Disclosure Statement filed contemporaneously herewith in their entirety before voting to accept or reject the Plan.

## II. DEFINITIONS

The following definitions apply in this Plan:

A. The <u>Code</u> is 11 U.S.C. §101, *et seq.*, the Bankruptcy Code of 1978, as amended.

B. The <u>Court</u> shall mean the United States Bankruptcy Court for the District of South Carolina.

C. The <u>Debtor</u> shall mean William Allen Galloway, Jr.

D. <u>Chapter 11</u> shall mean a case being administered under 11 U.S.C. §1101, *et seq.*, for the reorganization of the indebtedness of a debtor.

E. The <u>Case</u> shall mean this proceeding under Chapter 11, which was commenced in this Court on May 4, 2013, for the reorganization of the indebtedness of the Debtor.

F. <u>Chapter 7</u> shall mean a case administered under that Chapter of the Code, a debtor identical to the Debtor, with identical assets and liabilities, administered under 11 U.S.C. §701, *et seq.*, and its assets liquidated.

G. The <u>Plan</u> shall mean this Plan of Reorganization of the Debtor under Chapter 11. The effective date of this plan shall be Thirty (30) Days after the filing of the Order Confirming Plan by the Court.

H. <u>Claims</u> shall mean any right to payment(s) from the Debtor held by any party. *See* 11 U.S.C. §101(5).

I. <u>Adjusted Claim</u> shall mean all claims or interests proven and allowed by the Court, pursuant to the Code.

J. <u>Secured Claims</u> are all claims fully or partially secured by real estate mortgages, security agreements, chattel mortgages, lease-purchase agreements, liens, or other indentures, entitled to secured status under the Code.

K. <u>Priority Claims</u> are all claims entitled to priority status under §507 of the Code. This includes, generally, all wages, to the extent allowed priority, which are owed by the debtor; certain pre-petition and post-petition taxes owing to the United States, a state or any local taxing authority; and all other statutory costs assessed or assessable by the Court.

L. <u>Unsecured Claims</u> are all claims, provable and allowable, against the Debtor, other than Secured Claims, Priority Claims, or Interests.

M. <u>Administrative Expense Claims</u> are all claims or expenses arising or accruing on or after the filing date, which are entitled to priority under §503(b) or §507(a)(2), including without limitation, all expenses of administration. The Debtor will move the Court to set a deadline date for the filing of Administrative Claims in this case, which date shall not be later than sixty (60) days after the confirmation of the Plan.

N. <u>Investor Interest</u> means an interest in preferred stock, common stock, partnership interest, or any other interest denominated as equity and any and all rights or right in such interest.

O. <u>Class of Claims</u> shall mean all types of claims or interests (*e.g.*, secured, priority, unsecured, subordinated, or interests) which are substantially identical in kind or nature.

P. <u>Unimpaired Class</u> shall mean any class of claims which is not affected by the Plan of Reorganization and which is entitled to, and shall receive, under this Plan, full payment pursuant to the contract or agreement with the Debtor.

Q. <u>Impaired Class</u> shall mean any class of claims in which all claims are given, under this Plan, less than the equivalent value of their individual claims, but more than that class could reasonably expect to receive if this were a case under Chapter 7 of the Code.

R. <u>Executory Contracts</u> are contracts or agreements to be performed by the Debtor in the future, unsecured by notes or mortgages.

S. <u>Confirmation of this Plan</u> means the Order issued by the Court implementing the Plan after it finds that the Plan: (1) has been accepted by the requisite number of creditors eligible to vote; (2) is feasible; (3) is fair and equitable; and (4) meets all of the requirements of 11 U.S.C. §1129.

T. <u>Substantial Consummation of the Plan</u> is final in this case when Debtor begins performance under the Plan after confirmation.

U. *Pro Rata* means the same proportion that a claim in a particular class bears to the aggregate amount of all allowed claims in said class.

### III.  CLASSIFICATION OF CREDITORS AND INTEREST HOLDERS INTO CLASSES

<u>Unclassified Claims</u>:

Statutory Fees: On or before the Effective Date of the Plan, Administrative Claims for fees payable pursuant to 28 U.S.C. §1930, if any, as determined by the Court at the hearing on Confirmation, shall be paid in cash equal to the amount of such Claim.

Administrative Expense Claims: All such fees accruing after the date of Confirmation, but prior to the entry of the Final Decree, shall be paid in cash equal to the amount of the fee. Professionals employed at the expense of the Estate shall receive payment only in accordance with a final order of the

Court pursuant to 11 U.S.C. § 330.

Debtor anticipates an administrative claim for his attorney in an amount not to exceed $10,500.00.

Classified Claims:

A claim or an interest shall be deemed of a particular class only to the extent that such claim or interest qualifies within the description of that class and is a different class to the extent the remainder of the claim qualifies within the description of a different class.

The classes of claims in this Plan are as follows:

Class 1:   All allowed priority claims shall comprise Class 1, including, but not limited to any unpaid wages and salaries entitled to priority under §507(a)(4).

Class 2:   Any tax claims entitled to priority under 11 U.S.C. §507(a)(8) shall comprise Class 2.

Class 3:   The allowed secured claim of Deutsche Bank Trust Company Americas "(DBTC")" shall comprise Class 3 (mortgage on residence/business property located at 80 Pleasant Point, Ladys Island, South Carolina).

Class 4:   The allowed secured claim of Sheffield Financial, LLC shall comprise Class 5 (security interest in a SCAG Mower).

Class 5:   All general allowed unsecured claims in an amount less than $5,000.00 shall comprise Class 5.

Class 6:   Class 6 shall consist of the allowed unsecured claim of Deutsche Bank Trust Company Americas (the deficiency claim re: mortgage on residence/business property located at 80 Pleasant Point, Ladys Island, South Carolina).

Class 7:   All executory contracts and unexpired leases shall comprise Class 7.

## IV. TREATMENT OF CLAIMS AND INTERESTS

The claims and interests classified above shall be satisfied as follows:

CLASS 1.   Debtor has no Class 1 claimants.

CLASS 2.   Debtor has the following Class 2 claimant - Beaufort County Treasurer – $5,411.40

Debtor proposes making monthly payments in the amount of $105.00, which includes interest of 6% per annum, beginning on the effective date, to satisfy the Class 2 claimant.[1]

Plan of Reorganization
In re Galloway, Case No.: 13-02676-jw

Philip Fairbanks, Esq., P.C.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580/Telefax: (843) 521-1590

Page 4

CLASS 3. The Class 3 claimant, Deutsche Bank Trust Company Americas, holds a first mortgage in the amount of approximately $277,410 secured by Debtor's business/residential real property located at 80 Pleasant Point, Ladys Island, South Carolina, identified by TMS # R200 004 000 0289 0000.

This obligation shall be treated as secured in an amount to be determined by the Bankruptcy Court pursuant to §506 of the Bankruptcy Code either at the Confirmation Hearing or earlier upon motion of the Debtor. Deutsche Bank shall retain its lien with the priority thereof as it existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code.

The Debtor is informed and believes, and therefore asserts, that the value of the collateral securing the claim is $200,000.00, based on Debtor's estimate of the property's market value and tax records.

Debtor proposes making a single, lump sum payment of $10,000.00, followed by monthly payments in the amount of $1,280.00, based on a twenty year amortization at 5.25%, beginning sixty days from the effective date, to satisfy the Class 3 claim.[2]

This class is impaired and entitled to vote to accept or reject the Plan.

CLASS 4: The Class 4 claimant, Sheffield Financial, LLC, holds a purchase money security interest in a commercial lawn mower used in Debtor's landscaping business, in the amount of approximately $3,115.71, based on its filed Proof of Claim.

Debtor proposes to pay Sheffield Financial a lump sum payment of $1,000.00 within Thirty (30) Days of the Effective Date, and quarterly payments of $125.00, until Sheffield Financial's claim has been paid in full with interest at the rate of 6%.[3] The Class 4 claimant shall retain its lien rights under its note and security agreement.

This class is impaired and entitled to vote to accept or reject the Plan.

CLASS 5: Class 5 consists of all Allowed General Unsecured Claims of Less than $5,000.00, anticipated to be approximately $5,227.63 in the aggregate based on the scheduled values of such Claims and filed Proofs of Claim, as follows:

| | |
|---|---|
| The Surgery Center of Beaufort #33465 | $2,869.28 |
| Sprint Nextel #1519 | $ 286.35 |
| BB&T #32760 | $2,072.00 |
| AGGREGATE CLASS 5 CLAIMS | $5,227.63 |

Aggregate Class 5 claims will receive, on a *pro rata* basis, a lump sum payment equal to approximately 20% of the aggregate of the claims ($1,050) and monthly payments sufficient to pay 100% of the remaining balance of the claims ($4,183) with interest at 6% (approx. $81) commencing within Thirty (30) Days of the Effective Date.[4]

This class is impaired and entitled to vote to accept or reject the Plan.

<u>CLASS 6</u>.    Class 6 consists of the deficiency portion of DBTC's claim secured by Debtor's business/residential real estate, as determined by the Court at or before confirmation pursuant to § 506, or by agreement between DBTC and the Debtor. The Debtor anticipates that the amount of the Class 6 claim will be approximately $77,500.00, based on the current market value of the property securing the debt, recent tax assessments, and the mortgage balance.

The Class 6 claimant will receive payments equal to Ten (10%) percent of the allowed unsecured portion of its claim plus interest at 5.25%, over 5 years. Debtor estimates that the monthly payments will be approximately $150.[5]

<u>This class is impaired and entitled to vote to accept or reject the Plan.</u>

<u>CLASS 7</u>.    Class 7 includes executory contracts and unexpired leases.

Debtor has no Class 7 claimants.

## V.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Class 7 addresses executory contracts and unexpired leases.

## VI.    MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

A.    <u>Sources of Funding</u>.    The Plan contemplates that distributions will be funded by the Debtor's Projected Disposable Income from the operation of Sincere Landscapers and by "New Value" contributions from Debtor's parents.

B.    <u>New Value Contributions</u>.    Debtor's mother, Henrietta M. Hayes (Mrs. Hayes) will make a post-confirmation contribution in a lump-sum amount of $11,000.00 to be used to implement immediate lump-sum cash payments required by the Plan. Mrs. Hayes and Debtor's father, William A. Galloway, Sr., will make post-confirmation "new value" contributions as needed to ensure that no default occurs in Debtor's monthly payments to creditors pursuant to the Plan.

## VII.    MISCELLANEOUS PROVISIONS

A.    <u>Amendments and Modifications</u>.    The Debtor may amend or modify the Plan at any time prior to the entry of an Order confirming the Plan without the approval of the Court. Subsequent to the entry of an Order confirming the Plan, the Debtor may modify the Plan before substantial consummation of the Plan upon the approval of the Court.

B. <u>Debtor's Performance</u>. The Debtor shall perform all acts necessary to consummate the Plan.

C. <u>Funding of the Plan</u>. Debtor shall fund his plan from monthly income and from "New Value" contribution by his parents. The total monthly obligation under the Plan totals approximately $1,605.00.

D. <u>Retention of Jurisdiction</u>. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over the case after the Effective Date as is necessary to implement the Plan, including the jurisdiction to:

1. To hear and determine all claims against the Debtor;

2. To enforce all appropriate causes of action which exist on behalf of the Debtor;

3. To implement the payout provisions of the Plan prior to the entry of the Final Decree;

4. To issue any Orders in connection with the Plan or these proceedings;

5. To hear and decide applications for compensation and reimbursement of expenses;

6. To resolve objections claims, adversary proceedings and to ultimately close the estate;

7. To allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of claims;

8. To grant or deny, any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

9. To resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which the Debtor or Reorganized Debtor is a party or with respect to which the Debtor or Reorganized Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising there from;

10. To decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending on the Effective Date;

11. To enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, and other agreements or documents created in connection with the Plan or the Disclosure Statement, except as otherwise provided herein;

12. To modify the plan before or after the Effective Date pursuant to § 1127 of the Bankruptcy Code or modify the Disclosure Statement or any contract, instrument, or other agreement or document created in connection with the Plan or the Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Court order, the Plan, the Disclosure Statement or any contract, instrument, or other agreement or document created in connection with the Plan or the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

13. To enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

14. Confirmation shall constitute an Order of the Court that all unsecured claims shall be deemed allowed as set forth in Classes 5 and 6;

15. To determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, or other agreement or document created in connection with the Plan or the Disclosure Statement, except as otherwise provided herein.

Respectfully submitted

/s/ William Allen Galloway
William Allen Galloway

PHILIP FAIRBANKS, ESQ., P.C.

/s/ Philip Fairbanks
Philip Fairbanks DC Id #756
1214 King Street
Beaufort, SC 29902
Telephone: 843-521-1580
Telefax: 843-521-1590
E-mail: chris@lowcountrybankruptcy.com

ATTORNEY FOR DEBTOR

**ENDNOTES**

[1] CLASS 2 - $5,411 @ 5 YRS @ 5.25% = $105 PM

[2] CLASS 3 - $200,000 - $10,000 = $190,000 @ 20 YRS @ 5.25% = $1,280 PM*

[3] CLASS 4 - $3,116 - $1,000 = $2,116 @ 5 YRS @ 6% = $41 PM

[4] CLASS 5 - $5,228 - 20% (-$1,046) = $4,183 @ 6% @ 5 YRS = $81 PM

[5] CLASS 6 - $77,500 x 10% = $7,750 @ 5.25% @ 5 YRS = $150 PM

*Appended hereto are Residential and Commercial Mortgage Rates advertised online on October 20, 2013. *See, infra.*

# APPENDIX TO PLAN OF REORGANIZATION

## I. RESIDENTIAL MORTGAGE RATES

Amerisave.com website: Accessed October 20, 2013:

*See,* www.amerisave.com/rate-results?WebSearchID=58480384

### 20 Year Fixed - HARP

| Rate | Payment | APR | Lender Fees & Points |
|---|---|---|---|
| 3.625% | $1,173 | 4.076% | $6,977 |
| 3.750% | $1,186 | 4.075% | $4,833 |
| 3.875% | $1,199 | 4.106% | $3,219 |
| 4.000% | $1,212 | 4.137% | $1,605 |
| 4.125% | $1,225 | 4.234% | $-9 |
| 4.250% | $1,238 | 4.359% | $-1,489 |
| 4.375% | $1,252 | 4.485% | $-2,681 |
| 4.500% | $1,265 | 4.610% | $-3,873 |

### 20 Year Fixed - VA

| Rate | Payment | APR | Lender Fees & Points |
|---|---|---|---|
| 3.250% | $1,172 | 3.962% | $5,230 |
| 3.375% | $1,185 | 4.025% | $4,124 |
| 3.500% | $1,198 | 4.108% | $3,354 |
| 3.625% | $1,212 | 4.158% | $2,036 |
| 3.750% | $1,225 | 4.231% | $-3,260 |

Plan of Reorganization
*In re Galloway,* Case No.: 13-02676-jw

Philip Fairbanks, Esq., P.C.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580/Telefax: (843) 521-1590

Page 10

## II. COMMERCIAL MORTGAGE RATES

Realty Rates.com website. Accessed October 20, 2013.

*See,* www.realtyrates.com/commercial-mortgage-rates.html

### RealtyRates.com INVESTOR SURVEY - 3rd Quarter 2013*
#### PERMANENT FINANCING

| | Apt. | Golf | Health Senior Housing | Ind. | Lodging | RV/Camp Mfg Hsg MH Park | Office | Restaurant | Retail | Self Storage | Special Purpose |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Spread Over Base**[**] | | | | | | | | | | | |
| Minimum | 0.70% | 1.20% | 1.27% | 0.97% | 1.20% | 0.99% | 0.97% | 2.27% | 0.75% | 1.05% | 2.00% |
| Maximum | 6.57% | 11.50% | 7.94% | 6.57% | 11.26% | 8.22% | 6.57% | 11.52% | 6.77% | 6.57% | 12.00% |
| Average | 2.79% | 5.41% | 3.27% | 2.89% | 3.64% | 3.93% | 3.27% | 4.57% | 3.00% | 4.03% | 4.69% |
| **Interest Rate** | | | | | | | | | | | |
| Minimum | 2.63% | 3.13% | 3.20% | 2.90% | 3.13% | 2.92% | 2.90% | 4.20% | 2.68% | 2.68% | 3.93% |
| Maximum | 8.50% | 13.43% | 9.87% | 8.50% | 13.19% | 10.15% | 8.50% | 13.45% | 8.70% | 8.70% | 13.93% |
| Average | 4.72% | 7.34% | 5.20% | 4.82% | 5.57% | 5.86% | 5.20% | 6.50% | 4.93% | 4.93% | 6.62% |
| **Debt Coverage Ratio** | | | | | | | | | | | |
| Minimum | 1.10 | 1.20 | 1.12 | 1.15 | 1.00 | 1.15 | 1.15 | 1.15 | 1.05 | 1.15 | 1.15 |
| Maximum | 1.96 | 2.25 | 2.30 | 2.15 | 3.00 | 2.05 | 2.25 | 2.25 | 2.25 | 2.75 | 2.10 |
| Average | 1.43 | 1.60 | 1.56 | 1.49 | 1.60 | 1.41 | 1.70 | 1.66 | 1.41 | 1.66 | 1.70 |
| **Loan-to-Value Ratio** | | | | | | | | | | | |
| Minimum | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 90% | 50% |
| Maximum | 90% | 80% | 90% | 90% | 80% | 90% | 90% | 75% | 90% | 50% | 80% |
| Average | 73% | 66% | 71% | 70% | 67% | 70% | 73% | 64% | 70% | 69% | 64% |
| **Amortization (Yrs.)** | | | | | | | | | | | |
| Minimum | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 40 | 15 |
| Maximum | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 30 | 40 | 15 | 40 |
| Average | 27 | 22 | 25 | 24 | 22 | 25 | 30 | 21 | 25 | 28 | 22 |
| **Term (Yrs.)** | | | | | | | | | | | |
| Minimum | 3 | 5 | 3 | 3 | 5 | 5 | 3 | 3 | 3 | 3 | 3 |
| Maximum | 40 | 30 | 25 | 30 | 30 | 30 | 30 | 15 | 10 | 10 | 20 |
| Average | 20.50 | 9.00 | 13.65 | 11.46 | 7.80 | 9.15 | 8.00 | 7.45 | 6.20 | 6.10 | 7.85 |

** 10-Year Treasury

*2nd Quarter 2013 Data                                                                                      Copyright 2013 RealtyRates.com[TM]

# United States Bankruptcy Court
## District of South Carolina

| | | |
|---|---|---|
| In re  William Allen Galloway, Jr. | Case No. | 13-02676 |
| Debtor(s) | Chapter | 11 |

## CERTIFICATE OF SERVICE

I hereby certify that on **October 30, 2013**, a copy of **Plan of Reorganization** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Finkell Law Attorney for
Deutsche Bank Trust Company
PO Box 71727
North Charleston, SC 29415

BB&T #32760
PO Box 1704
Clemmons, NC 27012

Beaufort County Family Court
P O Box 1124
Beaufort, SC 29901

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Finkel Law Firm
PO Box 71727
North Charleston, SC 29405

IRS
Philadelphia, PA 19255-0525

Ocwen Loan Servicing LLC
PO Box 9001719
Louisville, KY 40290

SC Dept of Revenue
PO Box 12265
Columbia, SC 29211-2265

SC Employment Security Comm
P O Box 995
Columbia, SC 29202

Shaneka Galloway
65 Crested Eagle Drive
Ridgeland, SC 29936

Sprint Cellular
Diversified Consultants #1519
PO Box 551268
Jacksonville, FL 32255

The Surgery Center of Beaufort
1033 Ribaut Road
Beaufort, SC 29902

/s/ Philip Fairbanks
Philip Fairbanks #756
Philip L. Fairbanks
1214 King Street
Beaufort, SC 29902
843-521-1580 Fax:843-521-1590