**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

IN RE:                                                                   CASE NO:  13-02676
                                                                                         CHAPTER:  11

William Allen Galloway, Jr.

                                                                    **NOTICE OF MOTION/APPLICATION**
_____Debtor(s)._____                              **AND**
                                                                    **OPPORTUNITY FOR HEARING**

     TAKE NOTICE that **Philip Fairbanks has filed an interim application for allowance of compensation and reimbursement of expenses for the period from April 29, 2013 through October 28, 2013.**

A copy of the motion and proposed order accompanies this notice.

     TAKE FURTHER NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than 21 days from service of motion and a copy simultaneously served on all parties in interest.

     TAKE FURTHER NOTICE that no hearing will be held on this motion unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on **December 12, 2013**, at **1:30 p.m.**, at 1100 Laurel Street, Columbia, South Carolina. No further notice of this hearing will be given.

Dated: November 12, 2013, 2013

                                                         /s/ Philip Fairbanks_____
                                                         Philip Fairbanks Esquire
                                                         1214 King Street
                                                         Beaufort, SC  29902
                                                         (843) 521-1580
                                                         I.D. No.:  756
                                                         Attorney for Debtors

Address of Court:

United States Bankruptcy Court
Post Office Box 1448
1100 Laurel Street
Columbia, SC  29202

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 13-02676-jw |
| | ) | |
| WILLIAM A. GALLOWAY, JR., | ) | Chapter 11 |
| Last four digits of SSN 1580 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

INTERIM APPLICATION OF PHILIP FAIRBANKS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM JUNE 6, 2013, THROUGH OCTOBER 28, 2013

SUMMARY OF INTERIM APPLICATION

Name of Applicant:                                      PHILIP FAIRBANKS, ESQ., P.C.

Authorized to Provide Professional Services to:         WILLIAM A. GALLOWAY, JR.

Date of Retention:                                      APRIL 26, 2013

Period Covered by Application:                          **JUNE 6, 2013- OCTOBER 28, 2013**

PHILIP FAIRBANKS, ESQ., P.C. has previously received **$5400.00** for services rendered and **$1213.00** for expenses incurred during this period.

Amount of compensation sought as actual, reasonable, and necessary via this Application: **$9547.50.**

Amount of expense reimbursement sought as actual, reasonable and necessary: **$6.90.**

This is an interim fee application. No previous fee applications have been filed in this case.

| Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees Expenses |
|---|---|---|---|
| 10/28/2013 | 6/6 – 10/28/2013 | $9554.40 | $ |

## APPLICATION

Pursuant to sections 330 and 331 under Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Philip Fairbanks, (individually and on behalf of his law firm, Philip Fairbanks, Esq., P.C.,) (hereafter "Fairbanks" or "Applicant"), attorney for the debtor and debtor in possession hereby requests that this Court award him reasonable compensation for professional services rendered as counsel to the above-captioned debtor (the "Debtor") in the amount of $9574.50, together with reimbursement for actual and necessary expenses incurred in the amount of $6.90 for the period commencing June 6, 2013 through October 28, 2013, (the "Fee Period"). In support of this application (the "Application"), Fairbanks respectfully represents and states as follows:

## BACKGROUND

1. Applicant was retained to represent the Debtor as his counsel in connection with this Chapter 11 case pursuant to an Order entered by this Court on June 12, 2013. The Order authorized Applicant to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## COMPENSATION TO BE PAID

2. All services for which Fairbanks requests compensation were performed for or on behalf of the Debtor.

3. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Fee Period showing the amount of **$9554.40** due as compensation for the various services rendered.

## SUMMARY OF SERVICES RENDERED

4. During the Fee Period, Fairbanks and his paraprofessional staff performed the professional services described on Exhibit A.

## DISBURSEMENTS

5. Applicant has incurred out-of-pocket disbursements during the Fee Period in the amount of **$6.90** as listed on Exhibit A hereto.

## VALUATION OF SERVICES

6. The nature of the work performed and the cost of the services performed by Applicant are fully set forth in the attached Exhibit A. The rates charged by Applicant are the normal hourly rates charged by professionals for work of this character in this District.

7. **No previous Fee Applications have been filed in this case.**

8. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.[1]

9. Fairbanks presently holds $8387.00 in his trust account pursuant to the Fee Agreement and Rule 2016(b) disclosure statement previously filed in this case.

---

1. In the preparation of this Application, Applicant has considered the following factors, which he believes are relevant to the Court's consideration of this Application:

    A. The time and labor required;
    B. Reasonableness of the hours reported;
    C. Whether the services were necessary to the administration of the estate or were beneficial at the time rendered toward the confirmation of the Plan;
    D. Whether the compensation requested is reasonable based on the usual and customary compensation charged by comparatively skilled practitioners in the provision of non-bankruptcy legal services;
    E. The novelty and difficulty of the issues involved and questions addressed;
    F. The skill required to perform the services rendered;
    G. The preclusion of other employment as a result of acceptance of this case;
    H. The reasonableness of the hourly rates and customary fees charged for such services;
    I. Whether the fee is fixed or contingent;
    J. Time limitations imposed by the client or through other circumstances;
    K. The amounts involved and the results obtained;
    L. The experience, reputation, and ability of the attorney;
    M. The undesirability of the case;
    N. The nature and length of the professional relationship with the client;
    O. Fee awards in similar cases.

    After consideration of these factors, required by both applicable bankruptcy standards and by the rules of professional conduct, Applicant believes that the Application should be granted as requested in full.

## NOTICE

10. Notice of this Application has been given to (a) the Office of the United States Trustee for the District of South Carolina, (b) the Debtor's 20 largest unsecured creditors, and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, Philip Fairbanks (Applicant) respectfully requests that allowance be made to him (and his firm, Philip Fairbanks, Esq., P.C.), in the sum of **$9554.40** as compensation for necessary professional services rendered to the Debtor during the Fee Period and the sum of **$6.90** for reimbursement of actual, necessary costs and expenses incurred during that period, and further requests such other and further relief as this Court may deem just and proper.

Dated: Beaufort, South Carolina

November 12, 2013

Philip Fairbanks, Esq., P.C.

/s/ Philip Fairbanks
Philip Fairbanks DCID # 756
1214 King Street
Beaufort, South Carolina 29902
Telephone: (843) 521-1580
Telefax: (843) 521-1590

Attorney for Debtor

# PHILIP FAIRBANKS, ESQ., P.C.

Philip Fairbanks
Christine Negron, Paralegal
Paralegal
Dale Friedman, Office Manager

1214 King Street
Beaufort, South Carolina
29902

Tele: (843) 521-1580
Fax: (843) 521-1590 Cricket Harter,

November 8, 2013

William A. Galloway, Jr.
80 Pleasant Point
Ladys Island, South Carolina 29906

Dear Mr. Galloway:

As the result of an internal review of the October 27, 2013, invoice previously provided to you, I have determined that you were inadvertently *not* credited with portions of the pre-petition fee you paid this firm in April, 2013.

The error has been corrected as reflected in the reduction of the Interim Balance Due from $7167.40 to $1167.40. We regret any concern the error may have caused.

Sincerely,

Dale H. Friedman
Office Manager

**REVISED INVOICE** –    **4/26/2013 THROUGH 10/28/2013**

*In re: William A. Galloway, Jr.*
**Chapter 11 Bankruptcy Case No.: 13-02676-jw**

| Date | Service | Performed By | Time | Rate | Charge |
|---|---|---|---|---|---|
| 4/26 | Meeting with client re: foreclosure | PF | 1.5 | $300 | $450 |
| 4/28 | Staff review/discussion of William's situation; Review options discussed | PF<br>CN | 1.5<br>1 | $300<br>$ 90 | $450<br>$90 |
| 4/30 | Draft retainer; discuss case w/CN | PF<br>CN | .5<br>.5 | $300<br>$ 90 | $150<br>$ 90 |
| 5/2 | Review "ADDENDUM TO CH 11 RETAINER AGREEMENT" with William and CN | PF<br>CN | .5<br>.5 | $300<br>$ 90 | $150<br>$ 90 |
| 5/3 | Prepare/Review Ch 11 Petition and Schedules (Emergency) | PF<br>CN | 3.75<br>3.75 | $300<br>$90 | $1125<br>$337.50 |
| 5/4 | Pre-filing review with William; and filing Ch 11 case | PF<br>CN | 2.5<br>1.25 | $300<br>$90 | $750<br>$112.50 |

**INVOICE  NOVEMBER 8, 2013**
**PAGE TWO**

| Date | Description | Atty | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/6 | Review UST ltr. Prep ltr authorizing UST to contact client. Instruct staff re: DIP accts; insurance; OP Report; Certif of Retention of Property by DIP; etc. | PF<br>CN | 1.5<br>1 | $300<br>$90 | $450<br>$90 |
| 5/8 | Scan and file payment advices | CN | .5 | $90 | $45 |
| 5/8-9 | Prepare Appl to Employ Atty and Aff | PF | 1 | $300 | $300 |
| 5/9 | Prep and File Am. 20 Largest & Appl to Employ | CN | .75 | $90 | $67.50 |
| 5/9 | E-mail exchange w/T Stack UST Re: Appl to Employ | PF | .25 | $300 | $75 |
| 5/10 | File Am. Appl to Employ; withdraw prior Appl | CN | .25 | $90 | $22.50 |
| 5/13 | Phone call w/ T Stack UST re W-F Bank/DIP Acct and continuance in 341 meeting | PF | .5 | $300 | $150 |
| 5/15 | E-mail from T Stack UST confirm continued 341; request CN contact UST office to confirm rescheduled date and send notice | PF<br>CN | .5<br>.5 | $300<br>$90 | $150<br>$45 |
| 6/6 | Meet with William and CN re 6 Mo. | PF | 1 | $300 | $300 |
| 6/12 | Initial Debtor Interview UST Cola | PF | 5 (travel)<br>1 | $150<br>$300 | $750<br>$300 |
| 6/18-23 | Work on Plan and Disclosure St | PF | 3.25 | $300 | $975 |
| 6/26 | Send and file Notice of rescheduled 341 meeting | CN | .5 | $90 | $45 |
| 7/3 | Attend Section 341 Meeting at Office of UST Cola | PF | 5 (travel)<br>1 | $150<br>$300 | $750<br>$300 |
| 7/3 | Review e-mail from T Stack and notes from 341 meeting w/ CN | PF<br>CN | .75<br>.75 | $300<br>$90 | $225<br>$67.50 |
| 7/19-21 | Research for Plan/Disclosure St. Absolute Priority/New Value Exception etc. (Westlaw Next) | PF | 3.75 | $300 | $1125 |
| 8/9 | Meeting with Client (Op Reports; Taxes, Home Ins.) | PF | 2.5 | $300 | $750 |
| 8/11-13 | Continued e-mails w/ J Smoak UST | PF | .5 | $300 | $225 |

**INVOICE NOVEMBER 8, 2013**
**PAGE THREE**

| Date | Description | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/14 | Letter to Janet Haigler | PF | 1 | $300 | $300 |
| 9/9-10 & 9/13 | Cont research and prep Plan/Discl St; Cram Down DBTC; Time of Valuation (Westlaw Next) | PF | 5 | $300 | $1500 |
| 9/26-27 | Prepare and serve Req for Prod on Janet Haigler (DBTC) | PF | 2 | $300 | $600 |
| 10/11 | Phone conv. w/ J Haigler agreed to ext for response to Req for Prod | PF | .5 | $300 | $150 |
| 10/15 | Final prep Plan/Discl Statement; Motion to Value and Memo in Support; prep Appl for Appt of Appraiser | PF | 2.5 | $300 | $750 |
| 10/21 | Review 506 Motion & Memo in Support | PF | 2.25 | $300 | $675 |
| 10/22 | Review Deutsche Bank's discovery Responses | PF | .5 | $300 | $150 |
| 10/27-28 | Final review and preparation pre-filing | PF | 1.5 | $300 | $450 |
| 10/28 | Filing Discl St and Plan; Service | CN | .5 | $90 | $45 |

```
TOTAL HOURS  PF @ $300         =    41                        $12300
             PF @ $150 (TRAVEL) =    10                        $1500

TOTAL HOURS  PF                                                $13800
TOTAL HOURS  CN @ $90           =    12.75                     $1147.50
```

PAYMENTS FOR FEES RECEIVED PREPETITION                         $5400.00

TOTAL INTERIM FEES DUE                                         $9547.50

| 5/4 | COST – FILING FEE + ADMIN FEE - RECEIPT NO.: 7598021 | $1213.00 |
| 6/26 | MAILING COSTS (RESCHEDULED 341 MEETING) | $6.90 |

PAYMETS FOR COST RECEIVED PREPETITION                          $1213.00

TOTAL INTERIM COSTS DUE                                        $6.90

TOTAL INTERIM BALANCE DUE                                      $9554.40

FUNDS HELD IN TRUST                                            $8387.00

ESTIMATED NET INTERIM BALANCE DUE                              $1167.40
**OR AS APPROVED BY US BANKRUPTCY COURT PURSUANT TO 11 USC §330**

# Philip L. Fairbanks, Esq., P.C.

## Attorneys at Law

1214 King Street, Beaufort, SC 29902
Phone 843.521.1580 / Fax 843.521.1590
mail@LowcountryBankruptcy.com
www.LowcountryBankruptcy.com

April 26, 2013

William a Galloway, Jr.
80 Pleasant Point Dr.
Lady's Island, SC 29907

Re: Bankruptcy Representation

Dear William:

Philip Fairbanks, Esq., P.A. ("We" or the "Firm") is honored that you have selected us to represent you ("You" or "Client") as insolvency and bankruptcy counsel. Our objective is to provide high quality legal services to our clients at a fair and reasonable cost. This letter agreement ("Agreement") outlines the basis upon which we will provide legal services to you, and confirms our understanding with respect to payment of legal fees, costs and expenses incurred in conjunction with such representation. We apologize for the formality of this letter agreement, but we believe that it is important for our clients to have a clear understanding of our policies regarding legal fees and costs from the beginning of our relationship. Moreover, many of the provisions of this letter are required or recommended by the South Carolina Bar, Bankruptcy Code and Rules, and the Rules of Professional Responsibility.

1. **Scope of Services; Client Duties.**

   You are hiring us as attorneys to represent you as bankruptcy counsel in a Chapter 11 case. We will keep you informed of the progress of your case and respond to your inquiries. You agree to be truthful with us, to cooperate, to keep us informed of any developments, to abide by this Agreement, to pay our bills, and to keep us advised of your current contact information.

2. **Retainer.**

   For us to begin our representation, we require a retainer in the total amount of $16,215.00 which includes the $1,167.00 filing fee and an Administrative fee imposed by the Bankruptcy Code of $46.00. This retainer will be deposited in our attorney trust account but we may draw on it, up to its full amount, to pay our fees and costs, subject to Court approval of postpetition fees. You agree to advance additional retainers as requested. If any portion of the amount paid is deemed not earned when paid, you grant us an attorney's lien on such funds to the extent of our fees and costs. Any unused portion of the retainer at the conclusion of our representation will be refunded to you or the party who advanced it.

---

— Bankruptcy, Consumer and Class Action Litigation —

3. **Legal Fees and Billing Practices.**

   Professional fees charged reflect a number of factors, including the number of attorney and paraprofessional hours incurred and the results obtained for the client. Our professional fees are determined by multiplying the actual number of hours incurred by the hourly billing rate. From time to time, our hourly billing rates will change. We will notify you of any changes in the firm's hourly rate structure. Our minimum billing unit is one-quarter of an hour, and services will be recorded and billed in one- quarter of an hour increments.

   We will charge you for all activities undertaken in providing legal services to you under this Agreement, including but not limited to the following: conferences, including preparation and participation; preparation and review of correspondence, email and other documents; legal research and analysis; court and other appearances, including preparation and participation; and communications, including email, telephone, facsimile, in-person and other communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. The legal personnel assigned to this matter may confer among themselves about the matter, as required. When they do confer, each will charge for the time expended. If more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent only if it is necessary in our judgment to have two or more personnel at the meeting, hearing or proceeding. We charge for waiting and portal-to-portal travel time, both local and out of town.

   Currently our hourly rates range from $90.00 per hour for paralegals/legal assistants to $300.00 for our Philip Fairbanks. You agree to pay our fees and costs based upon our then prevailing hourly rates and charges at the time the services are rendered.

   You hereby authorize the secure destruction of your file three years after it is closed, and agree that we shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of three years. All future work for you in other matters will be handled in accordance with this Agreement at our regular hourly rates unless otherwise agreed upon.

4. **Costs and Other Charges.** We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Costs and expenses commonly include filing and recordation fees, court reporters' fees, computer legal research, messenger and other delivery services, postage, parking and other local travel expenses, telecopying, photocopying and other reproduction costs. You agree to pay transportation, meals, lodging and all other costs of any necessary overnight travel by our personnel. You will be charged the hourly rates for the time we spend traveling, both local and out of town. You also agree to pay for charges such as expert witness fees, title insurance fees, consultant and investigator fees, and the like. Photocopying is currently billed at $0.25 per page, and motor travel at IRS standards. The Chapter 11 filing fee is $1,167.00 and the Adminitrative fee is $48.00 which will be paid as part of the initial retainer. The firm reserves the right to require that certain costs, such as travel expenses, expert witness fees and deposition transcripts, be paid in advance directly by the client, or be paid into escrow before such costs are incurred.

5. **Billing Statements.** We will send you statements indicating fees and costs incurred and their basis, any amounts applied from the retainer, and any current balance owed. The billing statement will list the professionals who worked on your matter for that billing period with their hourly billing rates. Should you have any questions concerning any statement, we encourage you to discuss them with us so that we may have an opportunity to resolve any misunderstandings in a mutually agreeable manner.

Any fees or costs due after application of your retainer, as determined by the Court after approval of a fee application and notice to you, must be paid promptly after Court approval. We ask that you send the amount set forth on the statements to be held in escrow until approved by the Court. If not escrowed sooner, payment of fees and costs shall be made upon receipt of orders approving fees (or, after confirmation of your plan, upon receipt of invoices therefor), with payment received in our office no later than 15 days after the date of the order or invoice.

6. **Chapter 11 Filing.**

   The ultimate fees to be awarded the Firm for its representation of you in the Chapter 11 case must be approved by the Bankruptcy Court. Interim applications for compensation and reimbursement of expenses will be filed by the Firm with the Bankruptcy Court to obtain authorization for further payment. Generally, interim applications are made on a quarterly basis, but may be submitted more often. You agree to pay any award of compensation upon the entry of a Court order authorizing such award. You agree that you shall perform fully and conscientiously all the duties of a Debtor and Debtor-in-Possession under the Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports by the U.S. Trustee, any Creditor's Committee, and the Firm. These duties may include, but are not limited to, gathering and reviewing all of the information necessary for filing a complete and accurate list of all assets, creditors, budget, a schedule of executory contracts and unexpired leases, the Statement of Financial Affairs, and the Statement of Current Income and Expenses. You acknowledge having received a Questionnaire assisting the Firm in completing such documents, and agree to timely, completely, and accurately complete the Questionnaire.

If during the course of the bankruptcy you wish to sell, refinance or pledge as security real property or any of your other assets, you must let us know so that we can ask the Court for approval. If you do not do this, the property or asset may not be able to be legally transferred, refinanced or pledged, which can cause significant problems both with the transaction and with your bankruptcy case. You must provide us with a copy of the listing agreement and/or contract for sale of the property before such document is signed by you.

Some debts, such as student loans, domestic support obligations (alimony, child support arrearages, etc.) and certain taxes, may not be dischargeable in your case. Liens, such as security interests, homeowner's liens and mortgages, may not released upon your discharge, and you may need to make arrangements for the payment of such debts or surrender the property securing them after the conclusion of your case. Postpetition/preforeclosure homeowner's and condominium association charges are not discharged. You have been advised to close or draw down any financial account at an entity to whom you owe or may owe money.

You authorize us to obtain information about your assets, credit (including credit reports), taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information you provide to us. Such information may not be comprehensive or complete. It is obtained for background information and to aid our verification only. We will prepare your bankruptcy filings based upon information supplied by you. We will rely upon this information as being true, accurate, complete and correct. It is your responsibility to disclose your ownership or interest in and prior ownership or interest in all assets, regardless of value, and all debts and claims, regardless of amount. If a creditor is not listed, the debt to such creditor may not be discharged. If false, incorrect or incomplete information is included, or

information is omitted, it can cause additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. **It is vitally important that the information included in the bankruptcy schedules be complete and correct to avoid any problems. You will review all documents filed as part of your bankruptcy case, and your signature on those documents signifies that you have read and understood them, and agree with their contents.** You must preserve all records and documents related in any way to this matter, including all electronic documents and data.

After your case is filed, unless otherwise instructed by this office, you must pay all taxes incurred after the date of filing (and file all necessary tax returns), maintain any required insurance, file all required monthly reports, pay quarterly U.S. Trustee fees and any adequate protection payments, and make all pay You agree that you shall perform fully and conscientiously all the duties of a Debtor and Debtor-in-Possession under the Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports by the U.S. Trustee, any Creditor's Committee, and the Firm. These duties may include, but are not limited to, gathering and reviewing all of the information necessary for filing a complete and accurate list of all assets, creditors, budget, a schedule of executory contracts and unexpired leases, the Statement of Financial Affairs, and the Statement of Current Income and Expenses. You acknowledge having received a Questionnaire assisting the Firm in completing such documents, and agree to timely, completely, and accurately complete the Questionnaire.

You must preserve all records and documents related in any way to this matter, including all electronic documents and data.

By signing this Letter/Agreement, you certify that you have had the opportunity to thoroughly read, review and ask questions about it, prior to signing it, and have done so.

WILLIAM A. GALLOWAY, JR.

_[signature]_                                29 APRIL 2013
Client                                        Date

PHILIP FAIRBANKS, ESQ., P.A.

BY: _[signature]_                             4/29/2013
Philip Fairbanks, President                   Date

# Philip L. Fairbanks, Esq., P.C.

## Attorneys at Law

1214 King Street, Beaufort, SC 29902
Phone 843.521.1580 / Fax 843.521.1590
mail@LowcountryBankruptcy.com
www.LowcountryBankruptcy.com

May 2, 2013

### RE: ADDENDUM TO CHAPTER 11 RETAINER AGREEMENT

I, William A. Galloway, Jr., understand and affirm that, by signing below, I agree to the following:

Amendment to the retainer agreement between myself and PHILIP FAIRBANKS, ESQ., P.A., regarding the filing of a Chapter 11 bankruptcy case.

I, William A. Galloway, Jr., understand and affirm that PHILIP FAIRBANKS, ESQ., P.A., (Philip Fairbanks and his staff), will file a Chapter 11 bankruptcy case for me in order to stop a foreclosure sale of my home on an emergency basis.

I also understand and affirm that PHILIP FAIRBANKS, ESQ., P.A. (Philip Fairbanks and his staff), have explained to me that because my present sources of income are insufficient to fund a Chapter 11 plan under any conceivable circumstances, I MUST seek and obtain an additional source or sources of income in an amount to pay my monthly living expenses (including my regular monthly mortgage payment) in order that it will even be possible for PHILIP FAIRBANKS, ESQ., P.A. (Philip Fairbanks and his staff) to propose a **potentially** confirmable Plan.

I also understand and reaffirm that PHILIP FAIRBANKS, ESQ., P.A. (Philip Fairbanks and his staff) have explained to me that there is no guarantee that **any** Plan can be confirmed even if I satisfy the requirement that I substantially increase my monthly income, but that it is impossible that a Plan can be confirmed if I do **not** substantially increase my monthly income.

I also understand and reaffirm that PHILIP FAIRBANKS, ESQ., P.A. will retain the entire $16,600.00 retainer fee I have paid as fully earned whether or not a Plan is conformed or not, subject to the approval of the Bankruptcy Court.

―――――――― Bankruptcy, Consumer and Class Action Litigation ――――――――

_____
WILLIAM A. GALLOWAY, JR.

2 may 2013
_____
DATE

_____
PHILIP FAIRBANKS

5/2/2013
_____
DATE

# United States Bankruptcy Court
# District of South Carolina

In re   WILLIAM A. GALLOWAY, Jr.                                    Case No.   13-
                                    Debtor(s)                       Chapter    11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **UNKNOWN** |
   | Prior to the filing of this statement I have received | $ **16,600.00** |
   | Balance Due | $ **UNKNOWN** |

   Prior to filing Attorney has received $1,600.00 as compensation for advice and counselling about various options including bankruptcy and $5,400.00 for the collection of information and preparation of the Petition, Statement and Schedules involved in filing Debtor's Chapter 11 case. In addition, Attorney received from Debtor $1,167.00 to cover the filing fee and $46.00 to cover the Administrative fee. Attorney retained $8,387.00 in his trust account, against which he will draw Court-approved fees in future.

2. The source of the compensation paid to me was:

   ☐ Debtor    ☒ Other (specify): Debtor's Mother.

3. The source of compensation to be paid to me is: ☐ Debtor ☒ Other: Debtor's Mother.

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render specific legal services in the debtor's Chapter 11 bankruptcy case, including: See attached fee agreement.

6. By agreement with the Debtor, the above-disclosed fee does **not** include the following service: See attached fee agreement.

7. Attached to this Disclosure is the retainer Agreement executed by Debtor and Attorney more fully setting forth the contractual terms of the attorney/client relationship between Debtor and attorney.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for

In re   **WILLIAM A. GALLOWAY, Jr.**                                    Case No. _____
                              Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

representation of the debtor(s) in this bankruptcy proceeding.

                                                        PHILIP FAIRBANKS, ESQ., P.C.

                                                        /s/ Philip Fairbanks
                                                        Philip Fairbanks   DCID # 756
                                                        1214 King Street
                                                        Beaufort, SC 29902
                                                        Telephone: (843) 521-1580
                                                        Telefax: (843) 521-1590
                                                        Email: chris@lowcountrybankruptcy.com

Beaufort, South Carolina

May 4, 2013

# United States Bankruptcy Court
## District of South Carolina

In re   **William Allen Galloway, Jr.**         Case No. **13-02676**
                    Debtor(s)                   Chapter **11**

## CERTIFICATE OF SERVICE

I hereby certify that on **November 12, 2013**, a copy of Notice of Motion/Application and Opportunity for Hearing and the Interim Application of Philip Fairbanks for Allowance of Compensation was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Finkell Law Attorney for
Deutsche Bank Trust Company
PO Box 71727
North Charleston, SC 29415

BB&T #32760
PO Box 1704
Clemmons, NC 27012

Beaufort County Family Court
P O Box 1124
Beaufort, SC 29901

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Beaufort County Treasurer
PO Box 487
Beaufort, SC 29901-0487

Finkel Law Firm
PO Box 71727
North Charleston, SC 29405

IRS
Philadelphia, PA 19255-0525

Ocwen Loan Servicing LLC
PO Box 9001719
Louisville, KY 40290

SC Dept of Revenue
PO Box 12265
Columbia, SC 29211-2265

SC Employment Security Comm
P O Box 995
Columbia, SC 29202

Shaneka Galloway
65 Crested Eagle Drive
Ridgeland, SC 29936

Sprint Cellular
Diversified Consultants #1519
PO Box 551268
Jacksonville, FL 32255

The Surgery Center of Beaufort
1033 Ribaut Road
Beaufort, SC 29902

/s/ Philip Fairbanks
Philip Fairbanks #756
Philip L. Fairbanks
1214 King Street
Beaufort, SC 29902
843-521-1580 Fax:843-521-1590