**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **13-02676-jw**

## SETTLEMENT ORDER

The relief set forth on the following pages, for a total of **4** pages including this page, is hereby **ORDERED**.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | |
|---|---|
| William Allen Galloway, Jr. | Case No. 13-02676-jw<br>Chapter 11 |
| Debtor | |

## SETTLEMENT ORDER

This matter comes before the Court on the Debtor's Plan of Reorganization ("Plan") and Motion to Value under 11 U.S.C. §506(a) & (d) ("Motion") and the objection to the Plan and the Motion ("Objections") filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage-Backed Pass-Through Certificates, Series 2004-SL3("DBTC"). On August 19, 2013, DBTC filed a Proof of Claim evidencing a total secured claim of $277,410.59 ("Claim") on the Debtor's property described as 80 Pleasant Point Drive, Beaufort, Beaufort County, South Carolina 29906 (the "Property"). The Debtor seeks to value the Claim to $200,000.

DBTC and the Debtor have reached an agreement to resolve the Objections which they wish to be incorporated into a Settlement Order of this Court. Pursuant to Bankruptcy Rule 4001(d), all required parties were served with the Notice of Settlement, and no objections were received. Therefore, it is hereby

ORDERED that the Debtor shall file an addendum to the Debtor's Plan incorporating the following terms:

a) DBTC's secured mortgage claim shall be set in the amount of $235,000.00 ("Secured Claim"). On or before, April 1, 2014, Debtor shall pay a lump sum payment of $10,000.00 towards the

Secured Claim leaving a balance due in the amount of $225,000.00 ("Remaining Secured Claim"). Debtor shall pay DBTC the Remaining Secured Claim in the amount of $225,000.00 over 360 months with five and quarter (5.25%) percent fixed annual interest, which monthly principle and interest payment is $1,242.46. Debtor shall begin making consecutive monthly payments in the

*Settlement Order on Motion to Lift Stay*
*In re:* 13-02676-jw
Galloway, William

amount of $1,242.46 beginning April 1, 2014 and continue said payments thereafter until the Remaining Secured Claim is paid in full. Debtor agrees to comply with the remaining terms of the Note and Mortgage and that DBTC's lien survives Confirmation of the Plan of Reorganization and continues against the Property until the debt is paid in full.

b)    Debtor further agrees to maintain adequate insurance on the property and pay real estate taxes pursuant to the terms of the note and mortgage. Therefore, in addition to the principle and interest payment noted above, the Debtor will be responsible to pay to DBTC escrow payments which amount will be determined according to the terms of the note and mortgage.

c)    DBTC's unsecured mortgage claim shall be set in the amount of $42,410.59 ("Unsecured Claim"). Debtor shall pay ten (10%) percent of the Unsecured claim, with 5.25% interest over a five year term which payment is $90.11 per month. Debtor shall begin making consecutive monthly payments on the Unsecured Claim commencing within Sixty (60) days of the effective date of the confirmed Plan.

d)    Debtor shall incorporate the terms of this Settlement Order into a confirmable Plan.

**IT IS FURTHER ORDERED** that should the Debtor (1) fail to make any payments set forth above, including any other escrow, late charges, costs or obligations as set forth in the note and mortgage with DBTC (2) fail to maintain adequate insurance and taxes pursuant to the note and mortgage, (3) fail to file a confirmable Plan of Reorganization, or (4) fail to have the Plan of Reorganization confirmed, the Debtor shall be in default of this Order as follows:

Should the Debtor default under this Order pursuant to (1) or (2) above within <u>fifteen (15)</u> days from their due date, upon an *ex parte* showing by affidavit of that default and a proposed Order Lifting Stay, the Movant shall be entitled to relief from the stay so that it can proceed immediately with its state court remedies against its collateral, including making demand for payment of the amount due and that Fed. R. Bankr. P. 4001(a)(3) is waived and is not applicable

*Settlement Order on Motion to Lift Stay*
*In re:* 13-02676-jw
Galloway, William

---

to any such Order ultimately lifting the stay as to its collateral, and that Movant may immediately enforce and implement such an Order Lifting Stay upon entry with the Court. The *ex parte* provision expires twelve (12) months from the entry of this Order. The Movant shall report to this court any funds received as a result of a lawful disposition of the real property in excess of its total indebtedness plus any other valid lien against the subject property. The claimant agrees to waive any claim arising under 11 U.S.C. §503(b) or §507(b) as a result of this order. The Movant further agrees that any funds realized in excess of its debt will be paid to the Debtor-in-Possession.

I certify that the payment obligations set forth in this order, including the amounts, method, and timing of payments, and consequences of default have been previously reviewed with and agreed to by the Debtors and that I have been authorized to consent thereto.


/s/ Philip L. Fairbanks.                            DATE:    2-28-2014
Attorney for Debtor
Philip L. Fairbanks, Esquire
District ID#756
1214 King Street
Beaufort, SC 29902
843-521-1580


I certify that this order contains a true and complete statement of the agreed upon terms of settlement between the parties.

/s/ Janet B. Haigler                                DATE:    2-28-2014
Attorney for Movant
Janet B. Haigler
District ID#5708
FINKEL LAW FIRM LLC
P.O. Box 1799
Columbia, SC 29202
(803) 765-2935